(No. 83592.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. STANLEY E. OLIVO, Appellant.

*Opinion filed September 24, 1998.*

Robert Agostinelli, Deputy Defender, and Stephen Omolecki and Barbara M. O'Brien, Assistant Defenders, of the Office of the State Appellate Defender, of Ottawa, for appellant.

James E. Ryan, Attorney General, of Springfield, and Lance Peterson, State's Attorney, of Morris (Barbara A. Preiner, Solicitor General, and William L. Browers and Lisa Anne Hoffman, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court: The issue in this case is whether the circuit court may impose a Class X extended-term sentence upon a defendant who has never been convicted of a Class X felony. Defendant, Stanley Olivo, pled guilty to unlawful possession of a stolen vehicle and reckless homicide. 625 ILCS 5/4—103(a)(1) (West 1994); 720 ILCS 5/9—3(a) (West 1994). Though unlawful possession of a stolen vehicle is a Class 2 felony, the circuit court of Grundy County found defendant eligible for a Class X sentence based on defendant's prior Class 2 felony convictions. See 730 ILCS 5/5—5—3(c)(8) (West 1994). The circuit court further found defendant eligible for a Class X extended-term sentence pursuant to 5—5—3.2(b)(1) of the Unified Code of Corrections. 730 ILCS 5/5—5—3.2(b)(1) (West 1994). Defendant appealed, contending that he was not eligible for the Class X extended-term sentence because he had never been convicted of a Class X felony. The appellate court affirmed the sentence. 288 Ill. App. 3d 414. We reverse.

Section 5—5—3.2(b)(1) provides:

"The following factors may be considered by the court as reasons to impose an extended term sentence under Section 5—8—2 upon any offender:

(1) *When a defendant is convicted of any felony, after having been previously convicted* in Illinois or any other jurisdiction *of the same or similar class felony or greater class felony,* when such conviction has occurred within 10 years after the previous conviction, excluding time spent in custody, and such charges are separately brought and tried and arise out of different series of acts." (Emphasis added.) 730 ILCS 5/5—5—3.2(b)(1) (West 1994).

Thus, a defendant is eligible for an extended-term sentence when he is convicted of any felony where that defendant has previously been convicted of the same or greater class felony.

Initially, we note that although defendant's *sentence* was enhanced to a Class X term, his *convictions* remain Class 2 felonies. See *People v. Thomas,* 171 Ill. 2d 207,

224 (1996) (enhanced sentencing under section 5—5—3(c)(8) does not elevate the class of a crime). Simply put, defendant has never been convicted of a Class X felony. A straightforward reading of the plain language of section 5—5—3.2(b)(1) dictates that defendant is ineligible for a Class X extended-term sentence because he has not previously been convicted "of the same or similar class felony or greater class felony" as Class X. 730 ILCS 5/5—5—3.2(b)(1) (West 1994).

The State counters that because defendant was properly found eligible for a Class X sentence pursuant to section 5—5—3(c)(8), a Class X extended-term sentence is the only logical extended term to apply. This position, however, is inapposite to the plain language of section 5—5—3.2(b)(1), which unambiguously requires that a defendant have been convicted of a Class X felony. Nor is our discussion in *People v. Granados*, 172 Ill. 2d 358 (1996), of any avail to the State. *Granados* holds that the phrase "any felony" in the extended-term sentencing provision includes misdemeanor convictions that had been enhanced to felony convictions. The instant case, however, involves the enhancement of a sentence rather than a conviction. Defendant remains a Class 2 felony offender. *Granados* thus has no bearing on the application of section 5—5—3.2(b)(1) in the instant case.

Accordingly, while defendant is eligible for a standard Class X sentence, section 5—5—3.2(b)(1) does not authorize a Class X extended-term sentence. The judgment of the appellate court is reversed, the sentence entered by the circuit court is vacated, and the cause is remanded to the circuit court for resentencing.

*Appellate court judgment reversed;*
*circuit court judgment vacated;*
*cause remanded.*