# Illinois Official Reports

## Appellate Court

---

### *People v. Williams*, 2014 IL App (3d) 120824

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ADRIAN WILLIAMS, Defendant-Appellant. |
| District & No. | Third District<br>Docket Nos. 3-12-0824, 3-12-0825 cons. |
| Filed | August 1, 2014 |
| Rehearing denied | September 15, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where defendant was improperly informed multiple times that he could be sentenced to up to 60 years' imprisonment for unlawful delivery of a controlled substance based on the statutes related to Class X sentencing, extended-term sentencing and sentence doubling when the correct application of the statutes resulted in defendant being subject to a maximum term of 30 years' imprisonment, the denial of defendant's motion to withdraw his guilty plea with a cap of 25 years' imprisonment based on his claim that he was improperly admonished that he faced up to 60 years' imprisonment was reversed and the cause was remanded for further proceedings, since the improper admonishments led defendant to believe he had negotiated a 35-year reduction of his maximum sentence when he actually received a reduction of only 5 years from the maximum term of 30 years and defendant was entitled to an opportunity to negotiate a lesser term. |
| Decision Under Review | Appeal from the Circuit Court of Tazewell County, Nos. 11-CF-119, 11-CF-355; the Hon. Paul P. Gilfillan and the Hon. Scott A. Shore, Judges, presiding. |
| Judgment | Reversed and remanded. |

Counsel on Appeal

Bryon Kohut, of State Appellate Defender's Office, of Ottawa, for appellant.

Stewart Umholtz, State's Attorney, of Pekin (Judith Z. Kelly, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE O'BRIEN delivered the judgment of the court, with opinion.
Presiding Justice Lytton and Justice Carter concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Adrian Williams, pled guilty to unlawful delivery of a controlled substance (720 ILCS 570/401(d)(i) (West 2010)) in exchange for a sentencing cap of 25 years' imprisonment. Defendant was informed by the court on multiple occasions that, but for his plea agreement, he faced a maximum sentence of 60 years' imprisonment. Defendant later filed a motion to withdraw his guilty plea, claiming that the plea was not knowing and voluntary because he had been improperly admonished regarding the maximum sentence that he faced. The court denied the motion, and defendant appeals. We reverse and remand.

¶ 2                                            FACTS

¶ 3    On July 7, 2011, defendant was charged with unlawful delivery of a controlled substance (720 ILCS 570/401(d)(i) (West 2010)), a Class 2 felony. Defendant had previously been convicted of a Class 1 violation of the Illinois Controlled Substances Act (Act) in 2004. 720 ILCS 570/401 *et seq.* (West 2004). In addition, defendant's record showed three previous convictions for Class 2 felonies: burglaries committed in 1984 and 2000, and a robbery committed in 1991.

¶ 4    At a pretrial hearing held on February 21, 2012, the State informed the court that defendant was eligible for Class X sentencing because of his prior felonies and that he was also "extended-term eligible." The court admonished defendant to this effect, informing defendant that he faced a sentence of anywhere from 6 to 60 years' imprisonment.

¶ 5    On March 5, 2012, defendant entered into a guilty plea. As a part of the plea agreement, defendant's possible sentence would be capped at 25 years. The State reiterated that defendant would face a maximum sentence of 60 years' imprisonment without the sentencing agreement. Defense counsel stated that, at a hearing earlier that morning, the court had found that defendant faced a maximum sentence of 60 years. Although there was no transcript of that hearing, the parties agreed as to its substance. At sentencing, the State again explained that defendant faced Class X sentencing based on prior felonies, as well as a doubling of the potential maximum sentence because this was his second violation of the Act.

¶ 6    On July 13, 2012, defendant filed a motion to withdraw his guilty plea. Counsel subsequently filed an amended motion to withdraw stating that the plea was not knowing and voluntary because defendant was improperly admonished that he faced a maximum of 60 years' imprisonment. Following a hearing on the motion, the court found that defendant had been properly admonished and denied the motion. Defendant appeals.

¶ 7                                    ANALYSIS

¶ 8    On appeal, defendant argues that his plea was not knowing and voluntary and that this court should remand the matter to allow him to plead anew. Specifically, defendant contends that section 408 of the Act does not permit the doubling of a maximum sentence where that maximum sentence has already been enhanced to Class X. A trial court's decision to deny a motion to withdraw a guilty plea is reviewed for an abuse of discretion. *People v. Guzman*, 2014 IL App (3d) 090464. Where an issue requires this court to construe a statute, our review is *de novo*. *People v. Gutman*, 2011 IL 110338.

¶ 9                          I. Improper Admonishment
¶ 10                         A. Sentencing Provisions
¶ 11                           1. Class X Sentencing
¶ 12    Defendant was eligible for Class X sentencing pursuant to section 5-4.5-95 of the Unified Code of Corrections (Code). 730 ILCS 5/5-4.5-95 (West 2010). Section 5-4.5-95 provides that, subject to limitations not relevant here:

> "When a defendant *** is convicted of a Class 1 or Class 2 felony, after having twice been convicted in any state or federal court of an offense that contains the same elements as an offense now (the date the Class 1 or Class 2 felony was committed) classified in Illinois as a Class 2 or greater Class felony ***, that defendant shall be sentenced as a Class X offender." 730 ILCS 5/5-4.5-95(b) (West 2010).

Because of his previous burglary and robbery convictions, defendant was eligible for Class X sentencing. For Class X felonies, "[t]he sentence of imprisonment shall be a determinate sentence of not less than 6 years and not more than 30 years." 730 ILCS 5/5-4.5-25(a) (West 2010).

¶ 13                         2. Extended-term Sentencing
¶ 14    Under section 5-4.5-25 of the Code, "[t]he sentence of imprisonment for an extended-term Class X felony, as provided in Section 5-8-2 [citation], shall be not less than 30 years and not more than 60 years." 730 ILCS 5/5-4.5-25(a) (West 2010). Section 5-8-2 of the Code, enacted in January of 1973 (Pub. Act 77-2097 (eff. Jan. 1, 1973)), provides the exclusive authority for sentencing an offender to a term of imprisonment greater than the base level prescribed by statute:

> "A judge shall not sentence an offender to a term of imprisonment in excess of the maximum sentence authorized by Article 4.5 of Chapter V for an offense or offenses within the class of the most serious offense of which the offender was convicted unless the factors in aggravation set forth in Section 5-5-3.2 or clause (a)(1)(b) of Section 5-8-1 were found to be present." 730 ILCS 5/5-8-2 (West 2010).

A Class X offender then, for example, may not be sentenced to a term of imprisonment exceeding 30 years unless some factor set forth in section 5-5-3.2 is satisfied.[1]

¶ 15                              3. Sentencing-doubling Provision

¶ 16       The sentence-doubling provision is found in section 408 of the Act, which was enacted and became effective in August 1971. Pub. Act 77-757 (eff. Aug. 16, 1971); 720 ILCS 570/408 (West 2010). It provides that "[a]ny person convicted of a second or subsequent offense under this Act may be sentenced to imprisonment for a term up to twice the maximum term otherwise authorized." 720 ILCS 570/408(a) (West 2010). Because defendant's conviction on the unlawful delivery of a controlled substance charge would be his second violation of the Act, he was eligible to have his sentence doubled.

¶ 17                                    B. Application

¶ 18       The State and, in turn, the court applied section 5-4.5-95 and section 408 in conjunction with one another. Defendant's maximum sentence for the Class 2 felony of unlawful delivery of a controlled substance first became 30 years' imprisonment under the Class X sentencing enhancer (730 ILCS 5/5-4.5-95(b) (West 2010)), and then became 60 years' imprisonment under the sentence-doubling provision of the Act (720 ILCS 570/408(a) (West 2010)). By the court's reasoning, defendant faced an extended-term Class X sentence.

¶ 19       The plain language of section 5-8-2 of the Code makes clear, however, that an extended-term sentence is only permitted under the specific circumstances enumerated in section 5-5-3.2. 730 ILCS 5/5-8-2 (West 2010). The sentence-doubling provision of the Act, therefore, may only apply where a factor listed in section 5-5-3.2, authorizing extended-term sentences, is satisfied.

¶ 20       Subsection (b)(1) of section 5-5-3.2 is the only portion of that statute applicable here. That subsection provides:

> "The following factors, related to all felonies, may be considered by the court as reasons to impose an extended term sentence under Section 5-8-2 upon any offender:
>
>> (1) When a defendant is convicted of any felony, after having been previously convicted in Illinois or any other jurisdiction of the same or similar class felony or greater class felony, when such conviction has occurred within 10 years after the previous conviction, excluding time spent in custody, and such charges are separately brought and tried and arise out of different series of acts[.]" 730 ILCS 5/5-5-3.2(b)(1) (West 2010).

In *People v. Olivo*, 183 Ill. 2d 339 (1998), our supreme court held that a defendant may not be sentenced to a Class X extended-term sentence under section 5-5-3.2(b)(1) of the Code if that defendant has not been convicted of a Class X felony. *Id.* In *Olivo*, as in this case, the defendant pled guilty to a Class 2 felony but was eligible for Class X sentencing under section 5-4.5-95(b) of the Code because of previous convictions. *Id.* The *Olivo* court noted that section 5-5-3.2(b)(1) of the Code only refers to previous *convictions*. *Id.* Though the defendant faced

---

[1]Clause (a)(1)(b) of section 5-8-1, which permits a court to sentence certain offenders convicted of first degree murder to life imprisonment, is a narrow provision and not relevant to the case at hand. 730 ILCS 5/5-8-1(a)(1)(b) (West 2010).

Class X sentencing, he had never been convicted of a Class X felony and was, therefore, not eligible for extended-term Class X sentencing. *Id*.

¶ 21 Insofar as section 408 of the Act authorizes sentences longer than the statutory base sentence where section 5-8-2 of the Code (and, by incorporation, section 5-5-3.2 of the Code) would not, those statutes are in conflict. Where two statutes are in apparent conflict, "we will presume that the legislature intended the more recent statutory provision to control." *Moore v. Green*, 219 Ill. 2d 470, 480 (2006) (citing *State v. Mikusch*, 138 Ill. 2d 242, 254 (1990)). Because section 5-8-2 was enacted and took effect after section 408, that section should therefore control.

¶ 22 Under our supreme court's ruling in *Olivo*, defendant in the case *sub judice* was not eligible for Class X extended-term sentencing under section 5-5-3.2 of the Code. Although section 408 of the Act *would* permit such a sentencing range, sections 5-8-2 and 5-5-3.2 of the Code must control. Defendant should only have faced a maximum term of 30 years' imprisonment at sentencing and was therefore improperly admonished when the court advised him that he faced a maximum term of 60 years' imprisonment.

¶ 23                                    II. Prejudice

¶ 24 That defendant was improperly admonished, however, does not conclude our analysis. An improper admonishment does not automatically establish grounds for the vacating of a plea. *People v. Davis*, 145 Ill. 2d 240 (1991). Defendant must also show that he was prejudiced by the inadequate admonition. *Id*.

¶ 25 In *Davis*, 145 Ill. 2d 240, the defendant pled guilty after being admonished that he was eligible for Treatment Alternatives for Safe Communities (TASC) probation. At sentencing, it became clear that the defendant was not eligible for TASC, and he was sentenced to 10 years' imprisonment. The supreme court noted:

> " 'Where it appears that the plea of guilty was entered on a misapprehension of the facts or of the law, or in consequence of misrepresentations by counsel or the State's Attorney or someone else in authority, *** the court should permit the withdrawal of the plea of guilty and allow the accused to plead not guilty.' " *Id*. at 244 (quoting *People v. Morreale*, 412 Ill. 528, 531-32 (1952)).

In concluding that the misadmonishment had been prejudicial, the court relied in part on the fact that, "[d]ue to [the defendant's] misapprehension, he did not attempt to negotiate a lesser term of incarceration." *Davis*, 145 Ill. 2d at 250.

¶ 26 In the case at hand, defendant was informed on multiple occasions that he faced up to 60 years' imprisonment. Defendant has alleged that he relied on the improper admonishments in accepting the State's offer to plead guilty in exchange for a sentencing cap of 25 years' imprisonment. Because of the court's improper admonishments, defendant was under the misapprehension that he was negotiating a 35-year reduction of his maximum possible sentence, not a mere 5 years. This is not an insignificant difference. As in *Davis*, defendant here lost the opportunity to negotiate a lesser term of incarceration because of improper admonishments from the court. Defendant was therefore prejudiced by those improper admonishments.

¶ 27 The court's denial of defendant's motion to withdraw his plea is therefore reversed, and the matter is remanded for further proceedings.

¶ 28                                CONCLUSION

¶ 29        The judgment of the circuit court of Tazewell County is reversed, and the cause is remanded for further proceedings.

¶ 30        Reversed and remanded.