# Illinois Official Reports

## Supreme Court

---

### *People v. Williams*, 2016 IL 118375

---

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. ADRIAN WILLIAMS, Appellee. |
| | |
| Docket No. | 118375 |
| | |
| Filed | January 22, 2016 |
| | |
| Decision Under Review | Appeal from the Appellate Court for the Third District; heard in that court on appeal from the Circuit Court of Tazewell County; the Hon. Scott A. Shore, Judge, presiding. |
| | |
| Judgment | Appellate court judgment affirmed. |
| | |
| Counsel on Appeal | Lisa Madigan, Attorney General, of Springfield, and Stewart J. Umholtz, State's Attorney, of Pekin (Carolyn E. Shapiro, Solicitor General, and Michael M. Glick and Leah M. Bendik, Assistant Attorneys General, of Chicago, and Patrick Delfino, Terry A. Mertel and Judith Z. Kelly, of the Office of the State's Attorneys Appellate Prosecutor, of Ottawa, of counsel), for the People. |
| | Michael J. Pelletier, State Appellate Defender, Peter A. Carusona, Deputy Defender, and Bryon S. Kohut, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Ottawa, for appellee. |

Justices

JUSTICE FREEMAN delivered the judgment of the court, with opinion.

Chief Justice Garman and Justices Thomas, Kilbride, Karmeier, Burke, and Theis concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Adrian Williams, pleaded guilty to unlawful delivery of a controlled substance in exchange for a sentencing cap of 25 years' imprisonment.[1] Defendant later filed a motion to withdraw his guilty plea, claiming he had been improperly admonished regarding the maximum sentence he faced. The Tazewell County circuit court had informed him several times that, but for his plea agreement, he faced a maximum sentence of 60 years' imprisonment. The court denied defendant's motion to withdraw his guilty plea, and the appellate court reversed and remanded. 2014 IL App (3d) 120824. We allowed the State's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. Jan. 1, 2015). For the reasons that follow, we affirm the judgment of the appellate court, albeit for a different reason than that upon which the appellate court relied.

¶ 2    BACKGROUND

¶ 3    In July 2011 defendant was charged with the Class 2 felony of unlawful delivery of a controlled substance (less than one gram of cocaine) under section 401(d)(i) of the Illinois Controlled Substances Act (Act) (720 ILCS 570/401(d)(i) (West 2010)). Defendant had a 2004 conviction under the Act for the Class 1 felony of manufacture/delivery of between 1 and 15 grams of cocaine, as well as two prior Class 2 felony burglary convictions in 1984 and 2001, and a prior felony robbery conviction from 1992.

¶ 4    At the February 2012 pretrial conference, the parties discussed the potential penalties defendant faced for the unlawful delivery charge. The State informed the court that defendant was eligible for Class X sentencing of 6 to 30 years because of his prior felonies and he was also eligible for an extended term of 6 to 60 years because of his prior conviction of unlawful manufacture/delivery of a controlled substance. The court admonished defendant as to the State's position on sentencing, informing defendant that, according to the State, he faced a sentence of anywhere from 6 to 60 years' imprisonment.

¶ 5    Plea negotiations progressed, and on March 5, 2012, the parties, along with defendant, met with the judge to clarify the maximum sentence defendant faced. The judge reiterated the State's position that on the Class 2 unlawful delivery charge, defendant was subject to a Class X sentence of 6 to 30 years and, because of a prior conviction under the Act, his possible maximum sentence under section 408 of the Act would be "twice the maximum term otherwise authorized," or 60 years. The judge confirmed that he agreed with the State's position. Later the same day, the parties appeared before the judge for the entry of defendant's guilty plea.

---

[1]At the same proceeding, defendant pleaded guilty to retail theft in exchange for a sentencing cap of 5 years' imprisonment. The retail theft case and the unlawful delivery case proceeded concurrently. The appellate issue here arose solely from defendant's unlawful delivery guilty plea.

Under the plea agreement, defendant's possible sentence for unlawful delivery would be capped at 25 years. Defendant was admonished that, without the sentencing agreement, he faced a sentencing range of 6 to 60 years' imprisonment because his prior record made him eligible for Class X sentencing (6 to 30 years), and his prior drug offense doubled the maximum to 60 years. The judge instructed defendant as to the rights he was waiving by pleading guilty, and defendant indicated he understood those rights. After concluding there was a factual basis for the plea, the judge accepted defendant's plea of guilty.

¶ 6       At the subsequent sentencing hearing, the State again explained that defendant faced Class X sentencing based on prior felonies, as well as a doubling of the potential maximum sentence because the unlawful delivery offense was his second violation of the Act. The judge sentenced defendant to 25 years' imprisonment, in accordance with the plea agreement.

¶ 7       Defendant subsequently filed an amended motion to withdraw his guilty plea, alleging that the plea was not knowing, voluntary, or intelligent because he was improperly admonished that, pursuant to section 408(a) of the Act (720 ILCS 570/408(a) (West 2010)), he faced a maximum of 60 years' imprisonment. Following a hearing on the motion, the court found that defendant had been properly admonished and denied the motion.

¶ 8       The appellate court reversed and remanded, concluding defendant was improperly admonished that he faced a maximum term of 60 years' imprisonment. 2014 IL App (3d) 120824, ¶¶ 22, 27. The appellate court acknowledged that because of defendant's previous burglary and robbery convictions, he was eligible for enhanced sentencing as a Class X offender (6 to 30 years) under section 5-4.5-95 of the Unified Code of Corrections (Code) (730 ILCS 5/5-4.5-95(b), 5-4.5-25(a) (West 2010)). However, according to the appellate court, the circuit court took the matter one step further and agreed with the State that defendant faced a potential maximum sentence of 60 years. The circuit court applied section 408(a) of the Act, which provides, in pertinent part: "Any person convicted of a second or subsequent offense under this Act may be sentenced to imprisonment for a term up to twice the maximum term otherwise authorized." 720 ILCS 570/408(a) (West 2010). Defendant had a prior felony conviction under the Act, and his enhanced Class X maximum sentence of 30 years on the unlawful delivery charge was doubled to 60, the same maximum as an extended-term Class X sentence under section 5-4.5-25(a) of the Code (730 ILCS 5/5-4.5-25(a) (West 2010)).

¶ 9       The appellate court disagreed with this second step, concluding that section 408(a) of the Act was in conflict with section 5-8-2(a) of the Code. 730 ILCS 5/5-8-2(a) (West 2010). In the court's view, section 5-8-2(a) (and, by incorporation, section 5-5-3.2(b)(1)) did not allow an extended-term Class X sentence where, as here, the defendant had never been convicted of a Class X felony. Section 5-8-2(a) was enacted and took effect after section 408(a), and section 5-8-2(a) therefore should control. Defendant was not eligible for an extended-term Class X sentence under section 5-8-2(a), and the circuit court thus erred in admonishing defendant that he faced a possible maximum sentence of 60 years. The appellate court held, in addition, that defendant was prejudiced by this improper admonishment. "Because of the [circuit] court's improper admonishments, defendant was under the misapprehension that he was negotiating a 35-year reduction of his maximum possible sentence, not a mere 5 years." 2014 IL App (3d) 120824, ¶ 26.

¶ 11    In this case, there is no dispute that defendant had prior convictions for two Class 2 felony burglaries and a Class 1 or Class 2 felony robbery[2] and that, under section 5-4.5-95(b) of the Code, he therefore faced an enhanced Class X sentence of 6 to 30 years for unlawful delivery. There is also no dispute that defendant had a prior drug conviction under the Act. The issue here is whether, given that prior drug conviction, section 408(a) of the Act may be applied to double defendant's potential maximum sentence of 30 years.

¶ 12    The State answers this question in the affirmative, arguing initially that the appellate court erred in concluding that section 5-8-2(a) of the Code and section 408(a) of the Act conflict. In the State's view, the two statutes address the same subject and can be construed harmoniously. The State contends, in the alternative, that if the statutes conflict, the appellate court erred in holding that section 5-8-2(a) controlled as the most recently enacted provision. According to the State, section 408(a), which is the more specific statute, should govern instead.

¶ 13    Defendant argues, to the contrary, that section 408(a) of the Act and section 5-8-2(a) of the Code conflict. According to defendant, section 5-8-2(a) provides that an individual cannot be sentenced to a term of imprisonment longer than the maximum authorized for the pertinent classification of the offense. Defendant observes that section 408(a), on the other hand, "allows for a sentence greater than (in fact, double) that [authorized] for the classification of the offense." Section 408(a) thus allows for what section 5-8-2(a) bars. Defendant contends that where two statutes conflict, we should presume that the legislature intended the more recent statutory provision (here, section 5-8-2) to control.

¶ 14    Generally, a trial court's decision to deny a motion to withdraw a guilty plea is reviewed for an abuse of discretion. *People v. Pullen*, 192 Ill. 2d 36, 39-40 (2000). Here, where resolution of that issue requires this court to construe a statute, our review is *de novo*. *People v. Gutman*, 2011 IL 110338, ¶ 12.

¶ 15    In construing a statute, the primary objective is to give effect to the legislature's intent, presuming the legislature did not intend to create absurd, inconvenient or unjust results. *People v. Christopherson*, 231 Ill. 2d 449, 454 (2008). The most reliable indicator of such intent is the statutory language, which must be given its plain and ordinary meaning. *People v. Baskerville*, 2012 IL 111056, ¶ 18; *Hubble v. Bi-State Development Agency of the Illinois-Missouri Metropolitan District*, 238 Ill. 2d 262, 268 (2010). Where the language is clear and unambiguous, we will apply the statute without resort to further aids of statutory construction. *People v. Ramirez*, 214 Ill. 2d 176, 179 (2005). In determining legislative intent, a court may consider the purpose and necessity for the law as well as the consequences that would result from construing the statute one way or the other. *People v. Garcia*, 241 Ill. 2d 416, 421 (2011); *Hubble*, 238 Ill. 2d at 268. When construing criminal statutes, the rule of lenity requires that any ambiguity must be resolved in that manner which favors the accused. *People v. Jones*, 223 Ill. 2d 569, 581 (2006). However, this rule must not be stretched so far as to defeat the legislature's intent. *Id.*

---

[2]One reference in the presentence investigation report lists the prior robbery conviction as a Class 2 felony, and another lists it as a Class 1 felony. This conviction qualifies under section 5-4.5-95(b) regardless of whether it was a Class 1 or Class 2 felony. In addition, defendant's two prior burglaries could fully satisfy the provision without any consideration of the robbery. Section 5-4.5-95(b) is discussed in more detail *infra*.

¶ 16    We find it helpful at this point to set forth the main statutes, including section 5-8-2(a) of the Code and section 408(a) of the Act, that were instrumental in reaching the result at issue in this case.

¶ 17    Section 5-4.5-95(b) of the Code provides, in pertinent part:

"(b) When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, after having twice been convicted in any state or federal court of an offense that contains the same elements as an offense now (the date the Class 1 or Class 2 felony was committed) classified in Illinois as a Class 2 or greater Class felony and those charges are separately brought and tried and arise out of different series of acts, that defendant shall be sentenced as a Class X offender." 730 ILCS 5/5-4.5-95(b) (West 2010).

Based on defendant's prior Class 2 or greater felony convictions (two for burglary and one for robbery), the circuit court applied section 5-4.5-95(b) to enhance defendant's sentence for Class 2 unlawful delivery to the Class X range of "not less than 6 years and not more than 30 years" (730 ILCS 5/5-4.5-25(a) (West 2010)).

¶ 18    Section 408(a) of the Act provides:

"Any person convicted of a second or subsequent offense under this Act may be sentenced to imprisonment for a term up to twice the maximum term otherwise authorized, fined an amount up to twice that otherwise authorized, or both." 720 ILCS 570/408(a) (West 2010).

Based on defendant's prior conviction under the Act for the Class 1 felony of manufacture/delivery of between 1 and 15 grams of cocaine, the circuit court applied section 408(a) of the Act to double—to 60 years—defendant's enhanced Class X maximum sentence of 30 years for unlawful delivery in the case at bar. This 60-year upper limit is the same maximum as an extended-term Class X sentence under the Code. 730 ILCS 5/5-4.5-25(a) (West 2010) (providing that "[t]he sentence of imprisonment for an extended term Class X felony *** shall be not less than 30 years and not more than 60 years").

¶ 19    Section 5-8-2(a) of the Code provides, in pertinent part:

"(a) A judge shall not sentence an offender to a term of imprisonment in excess of the maximum sentence authorized by Article 4.5 [titled "GENERAL SENTENCING PROVISIONS"] of Chapter V for an offense or offenses within the class of the most serious offense of which the offender was convicted unless the factors in aggravation set forth in Section 5-5-3.2 or clause (a)(1)(b) of Section 5-8-1 were found to be present." 730 ILCS 5/5-8-2(a) (West 2010).

¶ 20    According to the appellate court, section 5-8-2 of the Code titled "Extended Term" provides "the exclusive authority for sentencing an offender to a term of imprisonment greater than the base level prescribed by statute." 2014 IL App (3d) 120824, ¶ 14. Section 5-8-2(a) states that a judge shall not sentence an offender to an extended-term sentence unless a factor in aggravation from section 5-5-3.2 or 5-8-1(a)(1)(b) of the Code is present. Of those factors in aggravation, the appellate court concluded the only provision potentially applicable here was subsection (b)(1) of section 5-5-3.2[3] (*id.* ¶¶ 19-20), which provides in pertinent part:

_____

[3]With regard to this provision, the State asserts: "The appellate court reasonably concluded that [section 5-5-3.2(b)(1) was] the only portion of either section that was even potentially applicable."

"(b) The following factors, related to all felonies, may be considered by the court as reasons to impose an extended term sentence under Section 5-8-2 upon any offender:

(1) When a defendant is convicted of any felony, after having been previously convicted in Illinois or any other jurisdiction of the same or similar class felony or greater class felony, when such conviction has occurred within 10 years after the previous conviction, excluding time spent in custody, and such charges are separately brought and tried and arise out of different series of acts[.]" 730 ILCS 5/5-5-3.2(b)(1) (West 2010).

¶ 21        The appellate court pointed to *People v. Olivo*, 183 Ill. 2d 339 (1998), which held that a defendant may not be sentenced to a Class X extended-term sentence under section 5-5-3.2(b)(1) if that defendant has not been convicted of a Class X felony. 2014 IL App (3d) 120824, ¶ 20. In *Olivo*, as in this case, the defendant pleaded guilty to a Class 2 felony but was eligible for Class X sentencing based on his prior Class 2 felony convictions.[4] *Olivo*, 183 Ill. 2d at 340. In addition, the circuit court found the defendant eligible for an extended-term Class X sentence pursuant to section 5-5-3.2(b)(1) of the Code (the same provision at issue here). *Id.* The defendant in *Olivo* appealed, contending he was not eligible for the Class X extended-term sentence because he had never been convicted of a Class X felony. The appellate court affirmed the sentence. *Id.*

¶ 22        In reversing, this court noted that under section 5-5-3.2(b)(1), a defendant is eligible for an extended-term sentence when he is *convicted* of any felony where that defendant has previously been *convicted* of the same or greater class felony. *Id.* The court emphasized that the defendant in *Olivo* "has never been convicted of a Class X felony." *Id.* at 341. "A straightforward reading of the plain language of section 5-5-3.2(b)(1) dictates that defendant is ineligible for a Class X extended-term sentence because he has not previously been convicted 'of the same or similar class felony or greater class felony' as Class X." *Id.* (quoting 730 ILCS 5/5-5-3.2(b)(1) (West 1994)). The court explained: "[A]lthough defendant's *sentence* was enhanced to a Class X term, his *convictions* remain Class 2 felonies." (Emphases in original.) *Id.* at 340.

¶ 23        Defendant in the case at bar also has not been convicted of a Class X felony. The appellate court below therefore concluded that, under *Olivo*, defendant here was not eligible for Class X extended-term sentencing under section 5-5-3.2(b)(1). With regard to section 408, the court stated: "Insofar as section 408 of the Act authorizes sentences longer than the statutory base sentence where section 5-8-2 of the Code (and, by incorporation, section 5-5-3.2 of the Code) would not, those statutes are in conflict." 2014 IL App (3d) 120824, ¶ 21. The appellate court concluded that section 5-8-2(a), as the more recent enactment, should control. The circuit court therefore erred in admonishing defendant that he faced a possible maximum sentence of 60 years.

¶ 24        As noted, the ultimate question here is whether, given defendant's prior drug conviction, section 408(a) of the Act may be applied to double defendant's potential maximum sentence of

---

[4]*Olivo* cites to section 5-5-3(c)(8) of the Code, not section 5-4.5-95(b) (730 ILCS 5/5-4.5-95(b) (West 2010)), the provision under which defendant's sentence here for the Class 2 felony of unlawful delivery was enhanced to Class X. As the State correctly notes, at the time *Olivo* was decided, substantively identical text to section 5-4.5-95(b) was codified at 730 ILCS 5/5-5-3(c)(8) (West 1994), the provision which *Olivo* cites.

30 years for unlawful delivery. The plain language of section 408(a) of the Act provides, in pertinent part: "Any person convicted of a second or subsequent offense under this Act may be sentenced to imprisonment for a term up to twice the maximum term otherwise authorized." 720 ILCS 570/408(a) (West 2010).

¶ 25 In defendant's view, the legislative intent of section 408(a) was that it would apply only to offenses committed in violation of the Act. Defendant notes that section 408(a) was passed as part of the Act, in which penalty schemes were designed to "deter the unlawful and destructive abuse of controlled substances" and to "penalize most heavily the illicit traffickers or profiteers of controlled substances." 720 ILCS 570/100 (West 2010). Defendant asserts that section 408 was enacted to achieve these goals by punishing a second or subsequent violation of the Act more severely. Defendant notes, in addition, that section 408(a) was enacted in 1971, prior to section 5-8-2(a) or section 5-4.5-95(b) of the Code. According to defendant, when the Act became effective in 1971, section 408 was the only recidivist statute, "and its increased sentencing provision could only apply to offenses that constituted violations of the Act." Defendant contends that because there were no other recidivist statutes when section 408 became law, it is reasonable to add the phrase "under this Act" after "otherwise authorized" in section 408(a). In defendant's view, at the time of passage it was the intent of the legislature that section 408 should be construed to read: "Any person convicted of a second or subsequent offense under this Act may be sentenced to imprisonment for a term up to twice the maximum term otherwise authorized *under this Act*, fined an amount up to twice that otherwise authorized *under this Act*, or both." Under defendant's interpretation, the phrase "maximum term otherwise authorized" apparently would refer to the unenhanced maximum authorized under the Act, not an enhanced maximum under the Code.

¶ 26 Alternatively, defendant asserts that section 408(a), which is a penal statute, is ambiguous as to whether the "maximum term otherwise authorized" would include only terms authorized under the Act, or any term of imprisonment imposed for any criminal offense. And if the statute is ambiguous, defendant maintains it should be construed in his favor under the rule of lenity.

¶ 27 The State, in response, criticizes defendant's interpretation of the statute as reading language into section 408(a) "that does not exist." In its own interpretation of that provision, the State argues that defendant's enhanced Class X potential maximum sentence was properly doubled under section 408(a) of the Act due to defendant's prior drug conviction. Where section 408(a) states that any person convicted of a second or subsequent offense under the Act "may be sentenced to imprisonment for a term up to twice the maximum term otherwise authorized," the State interprets "the maximum term otherwise authorized" to be defendant's enhanced potential Class X maximum sentence of 30 years for Class 2 unlawful delivery, which, when doubled, is 60 years.

¶ 28 Neither the State's nor the defendant's interpretation of section 408(a) is conclusively supported by the text of that provision. On the one hand, defendant's contention that section 408(a) was intended to apply only to offenses committed in violation of the Act carries some weight because of the historical support that defendant cites, including his assertion that when the Act became effective in 1971, section 408 was the only recidivist statute, "and its increased sentencing provision could only apply to offenses that constituted violations of the Act." On the other hand, as the State correctly notes, defendant's interpretation of the statute, which

involves insertion of the phrase "under this Act" after "otherwise authorized" in section 408(a), constitutes reading language into section 408(a) "that does not exist."

¶ 29   Similarly, the State's contention that defendant's enhanced Class X potential maximum of 30 years was properly doubled under section 408(a) of the Act is reasonable. Section 408(a) clearly states that any person convicted of a second or subsequent offense under the Act "may be sentenced to imprisonment for a term up to twice the maximum term otherwise authorized." In this case, as previously noted, the State interprets "the maximum term otherwise authorized" to be defendant's enhanced potential Class X maximum sentence of 30 years for unlawful delivery. There is no express language in section 408(a) specifically indicating that "the maximum term otherwise authorized" is not or could not be defendant's enhanced Class X maximum of 30 years. However, defendant contends that allowing section 408(a) to double defendant's enhanced Class X maximum sentence would directly contradict section 5-8-2(a) of the Code (and, by incorporation, section 5-5-3.2(b)(1)), under which a judge may not impose an extended-term Class X sentence (60 years maximum) where, as here, defendant was never convicted of a Class X felony. In our view, this contention also is reasonable. In short, as is often the case in disputes which reach this court, the language of the statute at issue is unclear.

¶ 30   Having considered the foregoing, we are unable to say with certainty that the legislature intended that section 408(a) would apply only to offenses committed in violation of the Act, as defendant asserts, or whether, as the State maintains, it may apply to double defendant's enhanced Class X maximum of 30 years to 60 years. In our view, neither of these positions is clearly unreasonable. We conclude, therefore, that section 408(a) of the Act is ambiguous. See, *e.g.*, *People v. Marshall*, 242 Ill. 2d 285, 292 (2011) (a statute is ambiguous if it is "capable of being understood by reasonably well-informed persons in two or more different ways").

¶ 31   Because section 408(a) is ambiguous, it is appropriate to invoke the rule of lenity. "When construing criminal statutes, the rule of lenity requires that any ambiguity must be resolved in that manner which favors the accused." *Jones*, 223 Ill. 2d at 581. Applying the rule here, we hold that section 408(a) of the Act applies only to offenses committed in violation of the Act. It therefore cannot apply here to double defendant's enhanced Class X potential maximum sentence of 30 years.

¶ 32   Having concluded that section 408(a) of the Act is ambiguous, we encourage the General Assembly to revisit this statute. It would be helpful if the legislature would clarify to what extent, if any, section 408(a) may apply to offenses other than those committed in violation of the Act.

¶ 33   We affirm the judgment of the appellate court. We are aware that our analysis differs from that of the appellate court. However, this court is not bound by the appellate court's reasoning and may affirm for any basis presented in the record. See *People v. McDonough*, 239 Ill. 2d 260, 274-75 (2010).

¶ 34                                                    CONCLUSION

¶ 35   For the foregoing reasons, the judgment of the appellate court is affirmed.

¶ 36   Appellate court judgment affirmed.