NOTICE
This Order was filed under
Supreme Court Rule 23 and
is not precedent except in the
limited circumstances
allowed under Rule 23(e)(1).

2021 IL App (4th) 190091-U

NO. 4-19-0091

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 15, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| SIDNEY C. WILLIAMS, | ) | No. 09CF363 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Heidi N. Ladd, |
| | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Justices Turner and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court affirmed, concluding the trial court properly dismissed
defendant's successive postconviction petition following second stage
proceedings, where the court properly imposed defendant's sentence under the
Illinois Controlled Substances Act's discretionary doubling provision.

¶ 2    In December 2017, defendant, Sidney C. Williams, filed a motion for leave to file

a successive postconviction petition.  In March 2018, the trial court determined defendant met

the successive postconviction petition requirements of cause and prejudice.  In August 2018, the

State filed a motion to dismiss defendant's successive postconviction petition.  In December

2018, the court dismissed defendant's successive postconviction petition.

¶ 3    Defendant appeals, arguing he received ineffective assistance of counsel from

trial and appellate counsel and unreasonable assistance from postconviction counsel because they

refused to argue the discretionary doubling provision of the Illinois Controlled Substances Act

(Controlled Substances Act) (720 ILCS 570/408(a) (West 2008)) conflicted with the extended term provisions in the Unified Code of Corrections (730 ILCS 5/5-8-2 (West 2008); 730 ILCS 5/5-5-3.2 (West 2008)).  For the following reasons, we affirm the trial court's judgment.

¶ 4                                    I. BACKGROUND

¶ 5            In July 2009, a jury found defendant guilty of unlawful possession with intent to deliver a controlled substance, a Class X felony carrying a sentence "not less than 6 years and not more than 30 years." (720 ILCS 570/401(a)(2)(A) (West 2008)).  In August 2009, the trial court sentenced defendant to 32 years' imprisonment pursuant to discretionary doubling allowed under section 408(a) of the Controlled Substances Act (720 ILCS 570/408(a) (West 2008)).  This court affirmed defendant's conviction on direct appeal.  *People v. Williams*, No. 4-09-0808 (2011) (unpublished order under Illinois Supreme Court Rule 23).

¶ 6            In March 2012, defendant filed a *pro se* postconviction petition, in which he argued counsel was ineffective and the trial court abused its discretion because his sentence range should not have been doubled.  Appointed counsel amended the petition but failed to include the challenge to discretionary doubling.  In September 2013, the trial court denied relief, and defendant appealed.  This court affirmed the denial of the postconviction petition and noted defendant forfeited his challenge to discretionary doubling because it was not alleged in the amended petition filed by appointed counsel.  *People v. Williams*, 2015 IL App (4th) 130853-U, ¶ 130.

¶ 7            In December 2017, defendant filed a motion for leave to file a successive postconviction petition.  The trial court found defendant met the cause-and-prejudice test.  In July 2018, appointed counsel filed a second amended successive postconviction petition.  Appointed counsel filed a certificate under Illinois Supreme Court Rule 651(c) (eff. July 1, 2012)

and argued defendant's extended term sentence pursuant to the discretionary doubling provision of the Controlled Substances Act (720 ILCS 570/408(a) (West 2008)) was invalid due to conflicting provisions in more recently enacted extended term statutes (730 ILCS 5/5-8-2(a) (West 2008) and 730 ILCS 5/5-5-3.2(b) (West 2008)). The petition asserted defendant repeatedly raised this issue with his previous attorneys at trial, on appeal, and during postconviction proceedings.

¶ 8 In August 2018, the State filed a motion to dismiss defendant's successive postconviction petition. In December 2018, the trial court entered a written order dismissing defendant's successive postconviction petition. The court relied on *People v. Williams*, 2016 IL 118375, 47 N.E.3d 976, to conclude defendant was subjected to an extended term sentence for a subsequent violation of the Controlled Substances Act and not subjected to enhanced Class X sentencing. The court concluded defendant's underlying claim regarding his sentence lacked support and, therefore, his claims of ineffective assistance of counsel lacked support.

¶ 9 This appeal followed.

¶ 10 II. ANALYSIS

¶ 11 On appeal, defendant argues he received ineffective assistance of counsel from trial and appellate counsel and unreasonable assistance from postconviction counsel because they refused to argue that the discretionary doubling provision of the Controlled Substances Act (720 ILCS 570/408(a) (West 2008)) conflicted with the extended term provisions in the Unified Code of Corrections (730 ILCS 5/5-8-2 (West 2008); 730 ILCS 5/5-5-3.2 (West 2008)).

¶ 12 The Post-Conviction Hearing Act (Postconviction Act) (725 ILCS 5/122-1 to 122-7 (West 2018)) provides a collateral means to challenge a conviction or sentence for a violation of a federal or state constitutional right. *People v. Jones*, 211 Ill. 2d 140, 143, 809

N.E.2d 1233, 1236 (2004). A trial court may grant leave to file a successive postconviction petition if the defendant can demonstrate cause for the failure to raise the claim in the initial postconviction petition and prejudice resulting from that failure. *People v. Pitsonbarger*, 205 Ill. 2d 444, 459, 793 N.E.2d 609, 621 (2002). At the second stage of proceedings, counsel is appointed to amend the petition and the State may file a motion to dismiss. *People v. Edwards*, 197 Ill. 2d 239, 245-46, 757 N.E.2d 442, 446 (2001). The trial court must determine whether the petition sets forth a substantial showing of a constitutional violation. *Id.* at 246. "[T]he 'substantial showing' of a constitutional violation that must be made at the second stage [citation] is a measure of the legal sufficiency of the petition's well-pled allegations of a constitutional violation, *which if proven* at an evidentiary hearing, would entitle petitioner to relief." (Emphasis in original.) *People v. Domagala*, 2013 IL 113688, ¶ 35, 987 N.E.2d 767. Dismissal at the second stage "is warranted only when the allegations in the petition, liberally construed in light of the trial record, fail to make a substantial showing of a constitutional violation." *People v. Ryburn*, 2019 IL App (4th) 170779, ¶ 22, 134 N.E.3d 348. We review *de novo* the dismissal of a postconviction petition at the second stage of proceedings. *Id.*

¶ 13 A claim of ineffective assistance of counsel is governed by the familiar framework set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). "To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defendant." *Domagala*, 2013 IL 113688, ¶ 36. The deficient-performance prong requires a defendant to show counsel's performance was objectively unreasonable under prevailing professional norms. *People v. Veach*, 2017 IL 120649, ¶ 30, 89 N.E.3d 366. Under the prejudice prong, defendant must show a reasonable probability that, but for counsel's deficient performance, the outcome of the

proceeding would have been different. *Id.* "A reasonable probability is defined as a probability sufficient to undermine confidence in the outcome." (Internal quotation marks omitted.) *Id.* A defendant must satisfy both prongs to prevail on a claim of ineffective assistance of counsel. *Id.*

¶ 14 As noted above, defendant argues he received ineffective assistance of counsel from trial and appellate counsel and unreasonable assistance from postconviction counsel because they refused to argue that the discretionary doubling provision of the Controlled Substances Act (720 ILCS 570/408(a) (West 2008)) conflicted with the extended term provisions in the Unified Code of Corrections (730 ILCS 5/5-8-2 (West 2008); 730 ILCS 5/5-5-3.2 (West 2008)). Defendant's underlying claim involves a matter of statutory interpretation.

¶ 15 "The primary objective of statutory interpretation is to ascertain and give effect to the intent of our legislature." *People v. Marshall*, 242 Ill. 2d 285, 292, 950 N.E.2d 668, 673 (2011). The most reliable indicator of legislative intent is the plain and ordinary meaning of the statutory language. *Id.* When the language is clear and unambiguous, we apply the statute without further aids of statutory construction. *Id.* The construction of a statute presents a legal question we review *de novo*. *People v. Ramirez*, 214 Ill. 2d 176, 179, 824 N.E.2d 232, 235 (2005).

¶ 16 "It is presumed that the legislature will not enact a law which completely contradicts a prior statute without an express repeal of it and that statutes relating to the same subject are to be governed by one spirit and a single policy." *Jahn v. Try Fire Protection District*, 163 Ill. 2d 275, 279-80, 644 N.E.2d 1159, 1161 (1994). Construing two statutes in a manner allowing both statutes to stand is favored. *In re Marriage of Lasky*, 176 Ill. 2d 75, 80, 678 N.E.2d 1035, 1037 (1997). "For a later enactment to operate as a repeal by implication of an

existing statute, there must be such a manifest and total repugnance that the two cannot stand together." *Jahn*, 163 Ill. 2d at 280.

¶ 17        In 1971, the General Assembly enacted the Controlled Substances Act. Pub. Act 77-757 (eff. Aug. 16, 1971) (enacting 720 ILCS 570/100 *et seq.*). Section 408(a) of the Controlled Substances Act provides as follows: "Any person convicted of a second or subsequent offense under this Act may be sentenced to imprisonment for a term up to twice the maximum term otherwise authorized, fined an amount up to twice that otherwise authorized, or both." 720 ILCS 570/408(a) (West 2008). The Controlled Substances Act specified the offense defendant was convicted of (unlawful possession with intent to deliver a controlled substance) was a Class X offense with a sentence of imprisonment "not less than 6 years and not more than 30 years." 720 ILCS 570/401(a)(2)(A) (West 2008).

¶ 18        Two years later, the General Assembly enacted the Unified Code of Corrections. Pub. Act 77-2097 (eff. Jan. 1, 1973) (enacting 730 ILCS 5/1-1-1 *et seq.*). At the time defendant committed the offense, section 5-8-2 of the Unified Code of Corrections provided as follows: "A judge shall not sentence an offender to a term of imprisonment in excess of the maximum sentence authorized by Section 5-8-1 for the class of the most serious offense of which the offender was convicted unless the factors in aggravation set forth in paragraph (b) of Section 5-5-3.2 or clause (a)(1)(b) of Section 5-8-1 were found to be present." 730 ILCS 5/5-8-2(a) (West 2008). Section 5-8-1(3) provided, "except as otherwise provided in the statute defining the offense, for a Class X felony, the sentence shall be not less than 6 years and not more than 30 years." 730 ILCS 5/5-8-1(3) (West 2008).

¶ 19        The State argues the exception in section 5-8-1 to the 30-year maximum term for a Class X felony applies because the Controlled Substances Act defined defendant's offense and

- 6 -

included the discretionary doubling provision. The exception in section 5-8-1 allows the court to give effect to the separate discretionary doubling provision and the extended-term sentencing provisions and negates any conflict between the statutes.

¶ 20        In support of its argument, the State relies on our supreme court's decision in *Williams*. We note the trial court relied on the same case in determining whether to grant the State's motion to dismiss defendant's postconviction petition. In *Williams*, 2016 IL 118375, ¶ 3, the defendant was convicted of a Class 2 felony of unlawful delivery of a controlled substance (less than one gram of cocaine). The defendant had a prior Class 1 felony of manufacture/delivery of between 1 and 15 grams of cocaine, two Class 2 felony burglary convictions, and a felony robbery conviction. *Id.* Because of his prior felony convictions, the defendant was eligible for enhanced sentencing as a Class X offender under section 5-4.5-95 of the Unified Code of Corrections (730 ILCS 5/5-4.5-95(b), 5-4.5-25(a) (West 2010)). *Id.* ¶ 8. (We note this section of the Unified Code of Corrections was not in effect at the time defendant committed his offense.) However, the supreme court noted the appellate court concluded the defendant, having never been convicted of a Class X felony, was ineligible for a Class X extended-term sentence of 30 to 60 years' imprisonment. *Id.* ¶ 23. The appellate court concluded that section 408(a) of the Controlled Substances Act was in conflict with section 5-8-2 of the Unified Code of Corrections because it authorized a sentence longer than the statutory base sentence where section 8-5-2 would not. *Id.*

¶ 21        The defendant argued the discretionary doubling provision of the Controlled Substances Act conflicted with section 5-8-2(a) of the Unified Code of Corrections because it allowed for a sentence greater than that authorized for the classification of the offense. *Id.* ¶ 13. The supreme court was "unable to say with certainty that the legislature intended that section

408(a) would apply only to offenses committed in violation of the [Controlled Substances] Act, as [the] defendant asserts, or whether, as the State maintains, it may apply to double [the] defendant's enhanced Class X maximum of 30 years to 60 years." *Id.* ¶ 30. The supreme court concluded that statute was ambiguous and invoked the rule of lenity to resolve the ambiguity in the defendant's favor. *Id.* ¶ 31. "Applying the rule here, we hold that section 408(a) of the [Controlled Substances] Act applies only to offenses committed in violation of the [Controlled Substances] Act. It therefore cannot apply here to double defendant's enhanced Class X potential maximum sentence of 30 years." *Id.*

¶ 22        As the trial court ruled, the facts of this case fall squarely within that holding. Defendant was convicted of a violation of the Controlled Substances Act, a Class X felony, not an enhanced Class X for sentencing purposes. Defendant was not sentenced to an extended term under section 5-8-2 of the Unified Code of Corrections but to a 32-year sentence under the discretionary doubling provision of the Controlled Substances Act. Nothing in section 5-8-2 invalidated section 408(a) as applied to a non-enhanced Class X offense in violation of the Controlled Substances Act. Accordingly, we conclude the statutes are not in conflict and can be read to give effect to both statutory provisions.

¶ 23        Normally, in order to impose a sentence exceeding the limits authorized by section 5-8-1 of the Unified Code of Corrections, the requirements for extended term sentencing must be met. However, the general 30-year maximum for Class X felonies fails to apply when a sentencing range is provided in the statute defining the offense. Thus, by its own terms, section 5-8-1 makes plain that we are guided by the sentencing range provided under sections 401 and 408 of the Controlled Substances Act.. Section 401 of the Controlled Substances Act (720 ILCS 570/401(a)(2)(A) (West 2008)) provided for a 30-year maximum term that could be doubled

under section 408 (720 ILCS 570/408(a) (West 2008)). Given defendant's underlying claim challenging the discretionary doubling under the Controlled Substances Act is without merit, so too are his ineffective assistance of counsel claims. Here, the trial court properly dismissed defendant's successive petition because "the allegations in the petition, liberally construed in light of the trial record, fail to make a substantial showing of a constitutional violation." *Ryburn*, 2019 IL App (4th) 170779, ¶ 22. Accordingly, we affirm the judgment of the trial court.

¶ 24                                    III. CONCLUSION

¶ 25          For the reasons stated, we affirm the trial court's judgment.

¶ 26          Affirmed.