2020 IL App (4th) 180533

NOS. 4-18-0533, 4-18-0534, 4-18-0535 cons.

FILED
November 12, 2020
Carla Bender
4th District Appellate
Court, IL

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Macon County |
| DARIUS REED, | ) | Nos. 16CF807 |
| Defendant-Appellant. | ) | 17CF1579 |
| | ) | 17CF1612 |
| | ) | |
| | ) | Honorable |
| | ) | Jeffrey S. Geisler, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court, with opinion.
Justices Knecht and Cavanagh concurred in the judgment and opinion.

**OPINION**

¶ 1        In March 2018, defendant, Darius Reed, entered into a global plea agreement resolving six separate felony cases. The charges in Macon County case Nos. 15-CF-14, 17-CF-142, and 17-CF-867 were dismissed. Defendant pled guilty to one count in three separate Macon County cases: Nos. 16-CF-807, 17-CF-1579, and 17-CF-1612. The State agreed to a combined sentencing cap of 20 years' imprisonment. In May 2018, the trial court imposed an eight-year sentence in case No. 16-CF-807, to be followed by concurrent nine-year sentences in case Nos. 17-CF-1579 and 17-CF-1612. In June 2018, defendant filed motions to withdraw his guilty pleas, arguing (1) the State's evidence could not be connected to him and (2) he could not be convicted based on the same. In July 2018, the trial court denied defendant's motions to withdraw his guilty pleas. Defendant filed separate appeals, and this court allowed defendant's motion to consolidate.

Defendant argues the trial court erred in denying his motions to withdraw his guilty pleas, as his pleas were not knowing and voluntary because the trial court incorrectly told him he was subject to a Class X sentence in case No. 16-CF-807. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3        In March 2018, the trial court held a plea hearing in Macon County case Nos. 15-CF-1514, 16-CF-807, 17-CF-142, 17-CF-867, 17-CF-1579, and 17-CF-1612. The State relayed the terms of the plea agreement between defendant and the State as follows. In case No. 16-CF-807, defendant would plead guilty to possession of a controlled substance with intent to deliver 1 or more grams but less than 15 grams of a substance containing cocaine, a Class 1 felony (720 ILCS 570/401(c)(2) (West 2016)). The charged offense occurred on or about June 21, 2016. The State noted defendant was subject to Class X sentencing based on his criminal history. In case No. 17-CF-1579, defendant would plead guilty to unlawful possession of a controlled substance with the intent to deliver 15 grams or more but less than 100 grams of a substance containing cocaine, a Class X felony (720 ILCS 570/401(a)(2)(A) (West 2016)). In case No. 17-CF-1612, defendant would plead guilty to an armed habitual criminal charge, also a Class X felony (720 ILCS 5/24-1.7 (West 2016)).

¶ 4        Under the terms of the plea agreement, the trial court could only sentence defendant to a combined maximum of 20 years' imprisonment. Defendant's sentences in case Nos. 17-CF-1579 and 17-CF-1612 would run concurrently. Those sentences would run consecutive to defendant's sentence in case No. 16-CF-807. The remaining counts in the three cases would be dismissed, as would case Nos. 17-CF-867, 17-CF-142, and 15-CF-1514. Defense counsel acknowledged these were the terms of the plea agreement.

¶ 5        The trial court admonished defendant the sentencing range for each of the three

- 2 -

offenses to which defendant was pleading guilty was 6 to 30 years in prison. Further, defendant's sentence in case No. 16-CF-807 would run first, followed by concurrent sentences in case Nos. 17-CF-1612 and 17-CF-1579.

¶ 6        The State asked the trial court to take judicial notice of its own case files, specifically Macon County case Nos. 06-CF-1032 and 07-CF-1207. The court noted it would do so.

¶ 7        At the May 2018 sentencing hearing, the trial court, the State, and defense counsel all agreed defendant was subject to Class X sentencing in case No. 16-CF-807. When sentencing defendant, the trial court addressed defendant's prior criminal history. The court noted defendant was convicted of burglary in case No. 06-CF-1032 and received probation. However, his probation was later terminated, and he was sent to prison. He later was sentenced to prison for burglary (case No. 07-CF-1207), forgery (case No. 07-CF-1228), and retail theft (case No. 08-CF-369). In case No. 10-CF-297, defendant received probation. However, defendant's probation was terminated, and he was sent to prison. Defendant was also sent to prison for financial institution fraud (case No. 12-CF-211) and criminal trespass (case No. 12-CF-364).

¶ 8        The trial court noted defendant was not eligible for probation and a strong sentence was needed as a deterrent and to protect the public. The court sentenced defendant to eight years in prison with three years of mandatory supervised release (MSR) in case No. 16-CF-807. In case No. 17-CF-1579, the court noted the offense was a little more serious and defendant was out on bond when the offense occurred. The court sentenced defendant to nine years in prison with three years of MSR to be served after defendant's sentence in case No. 16-CF-807. Finally, the court sentenced defendant to nine years in prison with three years of MSR in case No. 17-CF-1612. This sentence was also to be served consecutively to defendant's sentence in case No. 16-CF-807 but

concurrently with his sentence in case No. 17-CF-1579.

¶ 9        The trial court then advised defendant he would need to file a written motion asking to have the court's judgments vacated and for leave to withdraw his guilty pleas, setting forth the ground or grounds for his request, if he wished to appeal the court's decision. The court also told defendant any issue or claim not presented in the motion would be forfeited on appeal.

¶ 10       On June 1, 2018, defendant filed motions to reconsider his sentence and motions to withdraw his guilty pleas and vacate the judgments. The motions to withdraw the guilty pleas stated defendant believed the evidence relied on by the State could not be connected to him and was insufficient to convict him. Defendant also argued his sentence was excessive.

¶ 11       On July 5, 2018, the trial court denied defendant's motions.

¶ 12       This appeal followed.

¶ 13                              II. ANALYSIS

¶ 14       Defendant argues he should be allowed to withdraw his guilty pleas because they were not knowing and voluntary. Specifically, defendant argues the trial court erroneously informed him he was subject to Class X sentencing (6 to 30 years) on his possession of a controlled substance with the intent to deliver (720 ILCS 570/401(c)(2) (West 2016)) conviction in case No. 16-CF-807 instead of a Class 1 sentence of 4 to 15 years. Defendant also argues his trial counsel was ineffective for telling defendant he was subject to a Class X sentence in case No. 16-CF-807.

¶ 15       According to defendant, based on the admonitions he received from the trial court and the advice he received from his trial counsel, he erroneously believed he faced a minimum of 12 years in prison and a maximum of 60 years in prison if he proceeded to trial and was convicted in all three cases on appeal. Defendant now contends the sentencing range was actually 10 to 45 years, had he been convicted in all three cases. Based on the information he received from his trial

- 4 -

counsel and the trial court, defendant thought the 20-year sentencing cap was a better bargain than it actually was.

¶ 16        Defendant forfeited this issue on appeal because it was not included in his motions to withdraw his guilty pleas. Ill. S. Ct. R. 604(d) (eff. July 1, 2017). However, he asks this court to review the issue pursuant to the plain error doctrine. To obtain relief under the plain error doctrine, defendant must show "a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error," or "a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." (Internal quotation marks omitted.) *People v. Sebby*, 2017 IL 119445, ¶ 48, 89 N.E.3d 675. Ordinarily, the first step in any plain error analysis is determining whether a clear or obvious error occurred. *Sebby*, 2017 IL 119445, ¶ 49. Therefore, we first examine whether the trial court erroneously admonished defendant he would receive a Class X sentence in case No. 16-CF-807.

¶ 17        Defendant argues he was not subject to a Class X sentence in case No. 16-CF-807 pursuant to section 5-4.5-95(b) of the Unified Code of Corrections (Code) (730 ILCS 5/5-4.5-95(b) (West 2016)). He asserts his burglary conviction in case No. 06-CF-1032 did not count as a prior conviction because he committed the burglary when he was 17 years old.

¶ 18        Section 5-4.5-95(b) of the Code (730 ILCS 5/5-4.5-95(b) (West 2016)) states:

"When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, after having twice been convicted in any state or federal court of an offense that contains the same elements as an offense now (the date the Class 1 or Class 2 felony was committed) classified in Illinois as a Class 2 or greater Class felony and

- 5 -

those charges are separately brought and tried and arise out of different series of acts, that defendant shall be sentenced as a Class X offender."

Pointing to section 5-120 of the Juvenile Court Act of 1987 (Act) (705 ILCS 405/5-120 (West 2016)), defendant notes a 17-year-old offender would not have been automatically prosecuted as an adult for the offense of burglary on June 21, 2016 (the date he committed the offense in case No. 16-CF-807). Therefore, according to defendant, because he was 17 years old when he committed the burglary in case No. 06-CF-1032, his conviction does not qualify as a prior conviction for purposes of section 5-4.5-95(b). Thus, defendant essentially argues his prior conviction should now be considered a juvenile adjudication. Defendant points out our supreme court in *People v. Taylor*, 221 Ill. 2d 157, 163-64, 850 N.E.2d 134, 137 (2006), held a juvenile adjudication does not qualify as a conviction under Illinois law.

¶ 19    Defendant relies on the First District's decision in *People v. Miles*, 2020 IL App (1st) 180736, in support of his argument. In *Miles*, the defendant was convicted of a June 2016 burglary, a Class 2 felony (720 ILCS 5/19-1(a), (b) (West 2016)), and sentenced as a Class X offender pursuant to section 5-4.5-95(b) of the Code (730 ILCS 5/5-4.5-95(b) (West 2016)) based on his criminal history. *Miles*, 2020 IL App (1st) 180736, ¶ 1. The defendant appealed, arguing his criminal history did not qualify him for Class X sentencing because his 2006 aggravated vehicular hijacking and armed robbery convictions relied on by the trial court were committed when the defendant was only 15 years old. *Miles*, 2020 IL App (1st) 180736, ¶¶ 1-5. According to the defendant, a conviction for an offense he committed when he was a juvenile was no longer a qualifying prior conviction under section 5-4.5-95(b) because, in 2016, a 15-year-old person would not have automatically been tried as an adult for aggravated vehicular hijacking and armed robbery. *Miles*, 2020 IL App (1st) 180736, ¶¶ 6-7.

¶ 20        The defendant in *Miles* argued section 5-120 of the Act (705 ILCS 405/5-120 (West 2016)) was amended effective January 1, 2014, by Public Act 98-61 (eff. Jan. 1, 2014) to provide, with certain exceptions, that "no minor who was under 18 years of age at the time of the alleged offense may be prosecuted under the criminal laws of this State." (Internal quotation marks omitted.) *Miles*, 2020 IL App (1st) 180736, ¶ 6.

¶ 21        The *Miles* court further noted Public Act 99-258 (eff. Jan. 1, 2016) amended section 5-130 of the Act (705 ILCS 405/5-130 (West 2016)), removing armed robbery with a firearm and aggravated vehicular hijacking with a firearm from a list of offenses that disqualified offenders from being defined as delinquent minors. *Miles*, 2020 IL App (1st) 180736, ¶ 6. Considering section 5-4.5-95(b) in light of the amendments discussed above, the *Miles* court ultimately agreed with the defendant

> "that because his 2006 conviction, had it been committed on June 9, 2016, would have been resolved with delinquency proceedings in juvenile court rather than criminal proceedings, it is not 'an offense now *** classified in Illinois as a Class 2 or greater Class felony' and therefore *** not a qualifying offense for Class X sentencing." *Miles*, 2020 IL App (1st) 180736, ¶ 11.

¶ 22        The *Miles* court found the situation before it distinguishable from the circumstances in *People v. Banks*, 212 Ill. App. 3d 105, 569 N.E.2d 1388 (1991), and *People v. Bryant*, 278 Ill. App. 3d 578, 663 N.E.2d 105 (1996). *Miles*, 2020 IL App (1st) 180736, ¶¶ 18-21. In *Banks*, the defendant was adjudicated a habitual criminal under section 33B-1(e) of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, ¶ 33B-1(e) (now codified as 730 ILCS 5/5-4.5-95(a) (West 2016))). The defendant argued his adjudication as a habitual criminal was improper because the crimes underlying three of his prior convictions that established his habitual criminal adjudication

were committed when he was only 15 years old. *Banks*, 212 Ill. App. 3d at 106. The *Banks* court disagreed, stating:

> "Any conviction may be used as a former conviction under the habitual criminal statute. No exception is made for convictions obtained while the defendant was a juvenile. We see no indication in the Juvenile Court Act or the Criminal Code of 1961 that criminal convictions obtained while the defendant is a minor should be treated any differently than criminal convictions of an adult. It seems to us that a conviction is a conviction." *Banks*, 212 Ill. App. 3d at 107.

The appellate court in *Bryant* cited *Banks* for the proposition that convictions based on offenses committed by a juvenile defendant should not be treated differently than other convictions for purposes of the Habitual Criminal Act. *Bryant*, 278 Ill. App. 3d at 586.

¶ 23        The *Miles* court concluded *Banks* and *Bryant* did not control because both cases predated the aforementioned amendments to the Juvenile Court Act. *Miles*, 2020 IL App (1st) 180736, ¶ 21. According to the *Miles* court, "[h]ad defendant committed his 2005 offense under the laws in effect on June 9, 2016, the juvenile court would have had exclusive jurisdiction." *Miles*, 2020 IL App (1st) 180736, ¶ 22.

¶ 24        We disagree with the First District's opinion in *Miles* for several reasons. First, juvenile courts do not have exclusive jurisdiction. Section 5-120 of the Act (705 ILCS 405/5-120 (West 2016)) contains exceptions under which a juvenile can be tried in the criminal court. For example, section 5-805(3)(a) of the Act (705 ILCS 405/5-805(3)(a) (West 2016)) allows a court, upon a motion by the state's attorney, to enter an order permitting the criminal prosecution of a person 13 years of age or over.

¶ 25    Second, pursuant to section 5-4.5-95(b), a juvenile conviction is a conviction. Nothing in section 5-4.5-95(b) suggests criminal convictions entered on persons under 18 years of age should be considered juvenile adjudications. Moreover, nothing in section 5-120 of the Act (705 ILCS 405/5-120 (West 2016)), as amended by Public Act 98-61 (eff. Jan. 1, 2014), indicates criminal convictions entered against 17-year-old offenders should be considered juvenile adjudications after the amendment became law. We also note that section 5-120 provides "[t]he changes made to this Section by this amendatory Act of the 98th General Assembly apply to violations or attempted violations committed *on or after* the effective date of this amendatory Act." (Emphasis added.) 705 ILCS 405/5-120 (West 2016).

¶ 26    Finally, we disagree with the First District's interpretation of the requirements of section 5-4.5-95(b). Questions of statutory construction are reviewed *de novo*. *People v. Bradford*, 2016 IL 118674, ¶ 15, 50 N.E.3d 1112. The primary rule of statutory construction is to determine and give effect to the legislature's intent. *Bradford*, 2016 IL 118674, ¶ 15. The language of a statute, given its plain and ordinary meaning, is the best indicator of the legislature's intent, and where the language is plain and unambiguous, it must be applied as written. *Bradford*, 2016 IL 118674, ¶ 15. Section 5-4.5-95(b) of the Code (730 ILCS 5/5-4.5-95(b) (West 2016)) only requires the trial court to look at the elements of defendant's prior offense and determine whether an offense with the same elements, classified as a Class 2 or greater felony, existed when the present offense was committed.

¶ 27    Under *Miles*, the trial court would also have to consider the defendant's age when he committed the earlier offense, regardless of whether the defendant's age was an element of the offense. This is not required by the plain language of section 5-4.5-95(b) of the Code (730 ILCS 5/5-4.5-95(b) (West 2016)).

- 9 -

¶ 28　　　　In the case *sub judice*, defendant's prior conviction in case No. 06-CF-1032, which defendant claims should not be counted as a conviction for purposes of section 5-4.5-95(b), was for burglary. Defendant does not argue the statutory elements for burglary changed from 2006 to 2016. A defendant's age was not an element of burglary in either 2006 or 2016. See 720 ILCS 5/19-1 (West 2006); 720 ILCS 5/19-1 (West 2016). Finally, in 2016, burglary was still a Class 2 felony.

¶ 29　　　　As a result, pursuant to the plain language of section 5-4.5-95(b), the fact defendant was 17 years old when he committed the burglary for which he was convicted in case No. 06-CF-1032 is irrelevant. Based on the information available to this court, the trial court, the State, and defense counsel were correct defendant's 2006 conviction for burglary could serve as one of the two prior convictions necessary to sentence defendant as a Class X offender. Therefore, defendant's argument he did not make a knowing and voluntary guilty plea because he was incorrectly admonished is without merit.

¶ 30　　　　Defendant has failed to establish the trial court erred in denying his motions to withdraw his guilty pleas. Further, his argument his trial counsel was ineffective for advising defendant he was subject to Class X sentencing in case No. 16-CF-807 fails because defendant was subject to a Class X sentence.

¶ 31　　　　　　　　　　　　III. CONCLUSION

¶ 32　　　　For the reasons stated, we affirm the trial court's judgment.

¶ 33　　　　Affirmed.

| | |
|---|---|
| | **No. 4-18-0533** |
| **Cite as:** | *People v. Reed*, 2020 IL App (4th) 180533 |
| **Decision Under Review:** | Appeal from the Circuit Court of Macon County, Nos. 16-CF-807, 17-CF-1579, 17-CF-1612; the Hon. Jeffrey S. Geisler, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Patricia Mysza, Christopher G. Evers, and Amelia Piazza (law student), of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Jay Scott, State's Attorney, of Decatur (Patrick Delfino, David J. Robinson, and Benjamin M. Sardinas, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |