NOTICE

Decision filed 04/09/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 241092-U

NO. 5-24-1092

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Macon County. |
| | ) | |
| v. | ) | No. 17-CF-1612 |
| | ) | |
| DARIUS T. REED, | ) | Honorable |
| | ) | Jeffrey S. Geisler, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE CATES delivered the judgment of the court.
Justices Vaughan and Sholar concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court did not err in summarily dismissing the defendant's *pro se* postconviction petition. Because no argument to the contrary would have arguable merit, the defendant's appellate counsel is granted leave to withdraw, and the judgment of the trial court is affirmed.

¶ 2    The defendant, Darius T. Reed, appeals the judgment of the circuit court of Macon County that summarily dismissed the defendant's *pro se* postconviction petition. The Office of the State Appellate Defender (OSAD) was appointed as the defendant's appellate counsel. OSAD has concluded that this appeal lacks arguable merit and, on that basis, has filed a motion for leave to withdraw as counsel, pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), along with a supporting memorandum of law. OSAD properly served the defendant with notice. This court gave the defendant the opportunity to file a response to OSAD's motion, and the defendant has filed a

1

response. Having reviewed OSAD's *Finley* motion and memorandum, the defendant's response, and the entire record on appeal, this court agrees with OSAD's assessment of this appeal.

¶ 3                                    I. BACKGROUND

¶ 4      On October 31, 2017, the defendant was charged by information in Macon County case No. 17-CF-1612 (the present case) with one count of armed habitual criminal (AHC), a class X felony, in violation of section 24-1.7(a) of the Criminal Code of 2012 (720 ILCS 5/24-1.7(a) (West 2016)). The information alleged that on or about October 24, 2017, the defendant "knowingly possessed a firearm, a 9mm handgun," after previously having been convicted of burglary in two separate cases: Macon County case No. 06-CF-1032 and Macon County case No. 07-CF-1207.

¶ 5      At a hearing on March 6, 2018, the State announced that the parties had reached a global plea agreement involving several pending cases against the defendant. Pursuant to the terms of the agreement, the defendant would plead guilty in (1) Macon County case No. 16-CF-807 to one count of possession of a controlled substance with intent to deliver (720 ILCS 570/401(c)(2) (West 2016)), which was normally a class 1 felony, but which the parties agreed in this case was a class X felony for sentencing purposes due to the defendant's criminal history; (2) Macon County case No. 17-CF-1579 to one count of possession of a controlled substance with intent to deliver (720 ILCS 570/401(a)(2)(A) (West 2016)), which was a class X felony due to the amount of the controlled substance involved; and (3) the present case to one count of AHC, also a class X felony. The State announced that it would agree to recommend a sentence that would contain a "cap *** for all three cases at 20 years" in total. In addition, the State would recommend that the AHC sentence run concurrently with the sentence in case No. 17-CF-1579, and that the sentence in case No. 16-CF-807 would run consecutively to those two sentences "because the defendant was on

bond in 16-CF-807 when he picked up the cases from 2017." The State also would agree to dismiss the remaining charges against the defendant in a total of six pending cases.

¶ 6    The trial court recited the terms of the agreement to the defendant, including that the charge in case No. 16-CF-807 was "a class 1 felony subject to class X sentencing." The defendant stated that he understood and agreed to all of the terms of the agreement. The defendant thereafter stated that he understood the possible penalties he faced on each charge to which he was pleading guilty. The trial court admonished the defendant with regard to the rights he was giving up if he entered pleas of guilty pursuant to the agreement, which the defendant stated that he understood. After further admonishments and questioning of the defendant, as well as the recitation by the State of factual bases for the pleas, the trial court accepted the pleas and entered judgment on them. The trial court stated that the remaining felony charges against the defendant were dismissed, as well as several traffic offenses.

¶ 7    On May 3, 2018, a sentencing hearing was held. The parties again agreed that due to the defendant's criminal history, the defendant was subject to class X sentencing on his conviction in case No. 16-CF-807. The parties did not have corrections to make to the three presentence reports, other than with regard to one of the traffic offenses that was being dismissed. The defendant's plea counsel stated that he had gone over all three reports with the defendant, and that there was nothing of concern noted by either the defendant or by counsel. The State chose not to present evidence in aggravation. In mitigation, the defendant presented testimony from his mother, as well as his own testimony.

¶ 8    The State recited the defendant's criminal history, and based upon it recommended a total sentence of 20 years, the maximum allowed by the plea agreement. The trial court stated that it believed the defendant had "some alcohol and drug issues" that were factors in his commission of

crimes and should be considered in mitigation, but that in aggravation the defendant had a criminal history that was "not very good" and that included committing new crimes while on bond for earlier crimes. The trial court stated that it would recommend the defendant for drug treatment in prison. The court then sentenced the defendant to (1) 8 years, to be served at 50%, on the conviction in case No. 16-CF-807, which the court again characterized as "a class 1 subject to the class X sentencing;" (2) 9 years on the conviction in case No. 17-CF-1579; and (3) 9 years, to be served at 85%, on the AHC conviction in the present case. The latter two sentences were to be served concurrently to one another and consecutively to the first sentence. The trial court then admonished the defendant as to his appeal rights, including the fact that within 30 days of the date of the sentencing hearing, the defendant would have to file "a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth grounds for the motion." The defendant stated that he understood his appeal rights.

¶ 9    On June 1, 2018, the defendant, acting *pro se*, filed in the present case what the defendant styled as a "motion to dismiss." Therein, the defendant asked the trial court to dismiss the "charge" in the present case or to reduce his sentence so that it could be served at 50%, rather than 85%. The defendant questioned how he could be convicted in the present case when he was incarcerated on other charges at the time police searched a residence and found the 9mm handgun. He also stated that he did not live at the residence in question, and did not have a violent criminal history.

¶ 10    Also on June 1, 2018, counsel for the defendant filed two motions: (1) a motion to reconsider, in which counsel contended the defendant's sentences were "excessive in view of the [d]efendant's background, criminal history and the facts of this case," and (2) a motion to withdraw guilty plea and vacate the judgment, in which counsel stated that the defendant believed "that the evidence [could not] be connected to him" and that he could not "be convicted based on the

4

evidence presently available to the State." Counsel also filed a certificate of compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) in which counsel stated that he had reviewed the case file, but had not reviewed the transcripts of the guilty plea hearing or the sentencing hearing. Counsel's certificate stated that counsel would order the transcripts from those proceedings. The defendant's *pro se* motion was thereafter stricken by the trial court, because the defendant was represented by counsel. On July 5, 2018, counsel filed an amended certificate of compliance with Rule 604(d) in which counsel stated that he had consulted with the defendant, reviewed the case file, reviewed the transcripts of the guilty plea hearing and the sentencing hearing, and made any amendments necessary to the presentation of his motions.

¶ 11    Also on July 5, 2018, a hearing was held on the motions. With regard to the motion to withdraw guilty plea and vacate the judgment, defense counsel argued that the defendant believed the State did not have enough evidence to prove the defendant guilty of AHC because the handgun in question was located during a search that took place while the defendant was in jail on other charges, and that the defendant did not live at the residence that was searched. The State argued that insufficiency of the evidence was not an appropriate reason to withdraw a guilty plea in the absence of coercion, a misunderstanding by the defendant, or an impropriety on the part of the sentencing court. The State contended the defendant was "meticulously" admonished prior to the trial court's acceptance of the pleas. The trial court denied the motion to withdraw guilty plea and vacate the judgment, stating that the court remembered the case well, was very careful during the admonishments and the acceptance of the pleas, and believed that "the pleas on all three [cases] were knowingly, voluntarily and intelligently made."

¶ 12    With regard to the motion to reconsider sentence, defense counsel argued the defendant was "suffering from substance abuse problems," and that his sentence in case No. 16-CF-807

5

should be reduced "to seven or six years." Counsel asked the court to reduce the sentences in the present case and in case No. 17-CF-1759 "based on the arguments" made at the defendant's sentencing hearing, but counsel did not suggest how many years should be served on each of those convictions. The State pointed out that the State "asked for the cap," the defendant asked for less, and "the [c]ourt came somewhere in the middle," which suggested that the sentences were reasonable and not excessive. The trial court stated that it had reviewed the presentence reports again. The court stated that it believed a 20-year sentence "would have been appropriate," and that the 17-year sentence the court gave to the defendant was "fair and reasonable" in light of the defendant's "prior record." The trial court denied the motion to reconsider.

¶ 13    The defendant filed a direct appeal in which he contended he should have been allowed to withdraw his guilty pleas because the pleas were not knowing and voluntary. *People v. Reed*, 2020 IL App (4th) 180533, ¶ 14. He argued that the trial court erroneously informed him he was subject to class X sentencing on his conviction in case No. 16-CF-807 instead of a class 1 sentence of 4 to 15 years. *Reed*, 2020 IL App (4th) 180533, ¶ 14. He further argued that his plea counsel was ineffective for telling the defendant, and the court, that the defendant was subject to class X sentencing in case No. 16-CF-807. *Reed*, 2020 IL App (4th) 180533, ¶ 14. The appellate court affirmed. *Reed*, 2020 IL App (4th) 180533, ¶ 32. The appellate court concluded that the defendant was, in fact, eligible for class X sentencing in case No. 16-CF-807, and that accordingly the trial court did not err and the defendant's plea counsel was not ineffective. *Reed*, 2020 IL App (4th) 180533, ¶¶ 28-30.

¶ 14    On November 30, 2022, the Illinois Supreme Court denied the defendant's petition for leave to appeal, but entered a supervisory order in which it directed the appellate court to vacate its previous judgment and to consider the defendant's direct appeal claims in light of the Illinois

6

Supreme Court's recent decision in *People v. Stewart*, 2022 IL 126116. *People v. Reed*, 199 N.E.3d 1170 (Table). The appellate court issued a new order in which it found that in light of *Stewart*, the trial court did err in telling the defendant that he was eligible for class X sentencing in case No. 16-CF-807, but that the trial court did not err in denying the defendant's request to withdraw his guilty pleas, because the "defendant here received the benefit of his bargain." *People v. Reed*, 2023 IL App (4th) 180533-U, ¶¶ 19, 28. The appellate court reasoned that notwithstanding the mistaken admonishment, the defendant's guilty plea agreement nevertheless included "a 25-year sentencing concession from the State, with a sentencing cap in the bottom third of the proper sentencing range." *Reed*, 2023 IL App (4th) 180533-U, ¶ 31. Accordingly, the appellate court concluded that "this is not a situation where [the] defendant was denied real justice or was prejudiced by the trial court's incorrect admonishment." *Reed*, 2023 IL App (4th) 180533-U, ¶ 32.

¶ 15    With regard to the defendant's claim that plea counsel was ineffective, the appellate court noted that "the State's willingness to cap [the] defendant's total prison sentence at 20 years for three serious felonies, especially considering [the] defendant's prior criminal history and his apparent lack of defenses for the charges, was a generous offer." *Reed*, 2023 IL App (4th) 180533-U, ¶ 35. The appellate court reiterated that "[t]he 20-year sentencing cap was 25 years less than the maximum sentence [the] defendant faced and in the bottom third of the sentencing range had [the] defendant been convicted of the three offenses" to which he entered pleas of guilty. *Reed*, 2023 IL App (4th) 180533-U, ¶ 35. The appellate court concluded that the defendant could not "show a reasonable probability exist[ed that] he would not have entered the guilty plea in this case absent his trial counsel's alleged ineffective assistance." *Reed*, 2023 IL App (4th) 180533-U, ¶ 35. The defendant again filed a petition for leave to appeal with the Illinois Supreme Court, which was denied. *People v. Reed*, 221 N.E.3d 381 (Table).

¶ 16    On June 10, 2024, the defendant filed a *pro se* verified petition (petition) pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)). The petition alleged the defendant received ineffective assistance of plea counsel because counsel was not sufficiently familiar with the applicable law and amendments surrounding the Juvenile Court Act of 1987, did not challenge the AHC charge on the grounds of "lack of sufficient evidence," and improperly advised the defendant as to the possible sentencing ranges. The petition further alleged the defendant received ineffective assistance of appellate counsel because appellate counsel did not raise, in the defendant's direct appeal, the above ineffective assistance of plea counsel claims, and did not raise the possible applicability of *Stewart* to the AHC conviction. The petition argued that if appellate counsel, when the case was remanded by the Illinois Supreme Court to the appellate court, had raised the applicability of *Stewart* not only to the conviction in case No. 16-CF-807, but also to the AHC conviction in the present case, the defendant would have prevailed as to the AHC conviction, even though his argument as to case No. 16-CF-807 ultimately failed.

¶ 17    On June 26, 2024, the defendant filed a *pro se* "motion to admit page 16," wherein he contended he inadvertently omitted page 16 from the petition. He alleged page 16, a copy of which he included with his motion, would have added a claim that his constitutional rights were violated because the AHC charge was "factually insufficient" and he was improperly admonished as to the sentence he faced on the AHC charge. The record on appeal does not contain a ruling from the trial court on the motion to admit page 16.

¶ 18    On September 3, 2024, the trial court summarily dismissed the petition, finding the petition to be frivolous and patently without merit, because the claims in the petition were, or could have been, raised in the defendant's direct appeal, and therefore were barred by the doctrine of *res judicata* or by forfeiture. The trial court also pointed to case law from the Illinois Supreme

8

Court that held "that a stipulation of counsel was sufficient in establishing the elements of" AHC. The trial court further stated that because plea counsel was not ineffective, appellate counsel could not be ineffective for failing to raise a claim of ineffective assistance of plea counsel. The trial court did not address the missing page 16. This timely appeal followed.

¶ 19                                    II. ANALYSIS

¶ 20    The defendant appeals the trial court's judgment that summarily dismissed the petition. As noted above, OSAD has filed a *Finley* motion to withdraw as counsel. In the legal memorandum that accompanies its motion, OSAD raises five potential issues and then explains why it believes each issue is without merit. For the reasons that follow, we agree with OSAD.

¶ 21    The Act provides a means by which a criminal defendant may assert that, in the proceedings that resulted in the defendant's conviction, there occurred a substantial denial of the defendant's rights under the United States Constitution, the Illinois Constitution, or both. *People v. Evans*, 2013 IL 113471, ¶ 10 (citing 725 ILCS 5/122-1(a)(1) (West 2008)). A proceeding under the Act is not a substitute for a direct appeal; rather, it is a collateral proceeding which attacks a final judgment. *People v. Munz*, 2021 IL App (2d) 180873, ¶ 11. The purpose of a proceeding under the Act is to allow inquiry into constitutional issues relating to the conviction or sentence that were not, and could not have been, determined on direct appeal. *Munz*, 2021 IL App (2d) 180873, ¶ 11. Accordingly, the doctrine of *res judicata* bars a defendant from raising in a postconviction petition issues that were actually decided in the defendant's direct appeal. *People v. Clark*, 2023 IL 127273, ¶ 41. Issues that could have been raised in the defendant's direct appeal, but were not, are barred by the doctrine of forfeiture. *Munz*, 2021 IL App (2d) 180873, ¶ 28.

¶ 22    At the first stage of proceedings under the Act, the trial court must determine whether the petition is frivolous or patently without merit. *Munz*, 2021 IL App (2d) 180873, ¶ 12. The petition

9

may present only a limited amount of detail, and its allegations are to be liberally construed and taken as true so long as they are not affirmatively rebutted by the record. *Munz*, 2021 IL App (2d) 180873, ¶ 12. The petition need not set forth the claims in their entirety or include legal arguments or citations to legal authority. *Munz*, 2021 IL App (2d) 180873, ¶ 12. The threshold that a postconviction petition must meet to survive the first stage of review is low because most postconviction petitions are drafted by *pro se* petitioners. *Munz*, 2021 IL App (2d) 180873, ¶ 12. Nevertheless, *res judicata* and forfeiture are well-established reasons to summarily dismiss a petition at the first stage of proceedings. *Munz*, 2021 IL App (2d) 180873, ¶ 28. A petition also is frivolous and patently without merit, and therefore must be dismissed at the first stage of proceedings, if the petition has no arguable basis in either law or fact, such as when it is based on an indisputably meritless legal theory or fanciful factual allegations. *Munz*, 2021 IL App (2d) 180873, ¶ 13. An indisputably meritless legal theory is one that is completely contradicted by the record, whereas fanciful factual allegations may be fantastic or delusional. *Munz*, 2021 IL App (2d) 180873, ¶ 13. We review *de novo* the first-stage dismissal of a petition. *Munz*, 2021 IL App (2d) 180873, ¶ 14. In so doing, we review the trial court's judgment, not the reasons cited, and we may affirm on any basis supported by the record if the judgment is correct. *Munz*, 2021 IL App (2d) 180873, ¶ 27.

¶ 23     We first note that OSAD is correct that there would be no merit to an argument that the summary dismissal of the petition was not procedurally proper under the Act. The Act requires a summary dismissal to occur within 90 days of the filing of the petition. 725 ILCS 5/122-2.1(a) (West 2022). In this case, the petition was filed on June 10, 2024, and was summarily dismissed by the trial court on September 3, 2024, a period of fewer than 90 days.

¶ 24    We also agree with OSAD that the petition did not set forth an arguably meritorious claim of ineffective assistance of plea counsel. First, any claim of ineffective assistance of plea counsel related to the fact that the defendant was advised he was subject to class X sentencing in case No. 16-CF-807 is barred by the doctrine of *res judicata* because this court considered and rejected that argument in the defendant's direct appeal. *Reed*, 2023 IL App (4th) 180533-U, ¶¶ 19, 28-35. Second, any claim of ineffective assistance of plea counsel based upon the allegation that the defendant was not properly advised of the sentencing range in the present case—his AHC conviction—is based upon an indisputably meritless legal theory. In *People v. Wallace*, 2025 IL 130173, ¶¶ 11-23, the Illinois Supreme Court specifically held that unlike the statute in question in *Stewart*, the AHC statute does not provide a "minimum age for qualifying offenses," and therefore the AHC statute allows a felony conviction for an offense that was committed when the defendant was 17 years old to serve as a predicate conviction for AHC purposes, as long as the offense is one of the predicate offenses listed or referenced in the AHC statute. Burglary is a forcible felony offense that qualifies under the plain language of the AHC statute as a predicate conviction for AHC purposes, a fact the defendant in the present case has never disputed. See 720 ILCS 5/24-1.7(a)(1) (West 2016); 720 ILCS 5/2-8 (West 2016). Accordingly, any claim by the defendant that his burglary conviction in case No. 06-CF-1032—which was for an offense the defendant committed when he was 17 years old—could not serve as a predicate offense for AHC purposes in the present case is based on an indisputably meritless legal theory that was explicitly rejected in *Wallace*, and plea counsel could not be ineffective for failing to attempt to advance a claim based upon a meritless theory. Moreover, because the *Wallace* court specifically rejected the idea that the framework of, and amendments to, the Juvenile Court Act of 1987 must be read into the AHC statute (see *Wallace*, 2025 IL 130173, ¶¶ 14-20), OSAD is correct that the defendant's

11

claim that plea counsel was not sufficiently familiar with the applicable law and amendments surrounding the Juvenile Court Act of 1987 is based upon an indisputably meritless legal theory that had no chance of success.

¶ 25　A close examination of the arguments put forth by the defendant in the remainder of the petition reveals that all of the defendant's contentions—whether couched as ineffective assistance of plea counsel, ineffective assistance of appellate counsel, or as the claim on the omitted page 16 that the defendant's constitutional rights were violated because the AHC charge was "factually insufficient" and he was improperly admonished as to the sentence he faced on the AHC charge— relate to the defendant's continuing belief that he could not be convicted of AHC because he committed one of the predicate burglary offenses when he was 17 years old. Thus, all of the contentions in the petition are, in light of *Wallace*, mistaken as a matter of law, and for purposes of a first-stage dismissal of the petition are based upon an indisputably meritless legal theory that renders them frivolous and patently without merit.

¶ 26　We note as well that, as explained above, the record on appeal contains no ruling on the motion to admit page 16, and the trial court did not discuss the claims made on page 16 in its order summarily dismissing the petition. However, also as explained above, we review *de novo* the first-stage dismissal of a postconviction petition. *Munz*, 2021 IL App (2d) 180873, ¶ 14. In so doing, we review the trial court's judgment, not the reasons cited, and we may affirm on any basis supported by the record if the judgment is correct. *Munz*, 2021 IL App (2d) 180873, ¶ 27. Because, for the reasons discussed above, we have independently concluded that the claims in the omitted page 16 are, like all of the other claims in the petition, frivolous and patently without merit, we affirm the dismissal of the entire petition, including the omitted page 16, regardless of the extent

12

to which the trial court did or did not consider the claims on the omitted page 16 when summarily dismissing the petition.

¶ 27                              III. CONCLUSION

¶ 28    This court's examination of the entire record establishes that this appeal does not present any issues of arguable merit. Therefore, the motion of appointed counsel to withdraw is granted, and the judgment of the circuit court of Macon County is affirmed.

¶ 29    Motion granted; judgment affirmed.